NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

______________________

**NORTH STAR TECHNOLOGY INTERNATIONAL LTD., NORTH STAR TECHNOLOGY LTD.,**
*Plaintiffs-Appellants*

**v.**

**LATHAM POOL PRODUCTS, INC.,**
*Defendant-Appellee*

______________________

2023-2138

______________________

Appeal from the United States District Court for the Eastern District of Tennessee in No. 3:19-cv-00120-KAC-DCP, Judge Katherine A. Crytzer.

______________________

Decided: April 24, 2025

______________________

MATTHEW JAMES DOWD, Dowd Scheffel PLLC, Washington, DC, argued for plaintiffs-appellants. Also represented by ROBERT JAMES SCHEFFEL; MICHAEL J. BRADFORD, WADE R. ORR, Luedeka Neely, P.C., Knoxville, TN; PERRY SAIDMAN, Perry Saidman, LLC, Miami Beach, FL.

RUSSELL KORN, Kilpatrick Townsend & Stockton LLP, Atlanta, GA, argued for defendant-appellee. Also

represented by MICHAEL A. BERTELSON, COURTNEY DABBIERE; MEGAN ELIZABETH BUSSEY, New York, NY.

---

Before LOURIE, CHEN, and HUGHES, *Circuit Judges*.

HUGHES, *Circuit Judge*.

North Star Technology International Limited and North Star Technology Limited (collectively, North Star) sued Latham Pool Products, Inc. in the U.S. District Court for the Eastern District of Tennessee for alleged infringement of a design patent related to swimming pools. The district court granted Latham's motion for summary judgment of non-infringement, reasoning that Latham's pool is plainly dissimilar to North Star's design patent. We find no reversible error in the district court's determinations and affirm its grant of summary judgment of non-infringement.

## I

North Star owns and manufactures products that practice U.S. Design Patent No. D791,966 which claims the ornamental appearance of a swimming pool. The D'966 patent was filed on, and thus has a priority date, of January 28, 2016. J.A. 21. Latham manufactures and sells a fiberglass swimming pool it brands as the Corinthian 16. As seen in the depiction below, both the D'966 patent (on the left) and the accused Corinthian 16 design (on the right) relate to rectangular swimming pools with tanning ledges.




**D'966 patent, Fig. 1 and Fig. 7**



**Latham's accused product, the Corinthian 16**

In April 2019, North Star filed a complaint against Latham, alleging infringement of its D'966 Patent. J.A. 45–52. Latham filed a motion for summary judgment of non-infringement, arguing that the designs are plainly dissimilar and that "any similarities that do exist between the D'966 Patent and Corinthian 16 designs stem from their use of design elements that were commonly used in pool designs before the D'966 Patent." J.A. 532. The district court agreed, explaining that the "prominent ornamental elements of the two designs"—including the shape of the entry steps and deep end benches—"differ significantly, creating an overall 'plainly dissimilar' appearance." J.A. 18 (internal citation omitted). It added that a review of the prior art confirmed non-infringement because "[e]ach of the pertinent design elements included in the D'966 Patent and Corinthian 16 . . . existed *before* [North Star] filed the D'966 Patent." J.A. 19 (emphasis added). The district court cited to examples of pools with rectangular tanning ledges that

pre-date the D'966 Patent, *see* J.A. 5–9, as well as to Latham's own use of the same deep end benches used in the Corinthian 16 in its older pool models.

The district court entered final judgment dismissing North Star's claims on June 6, 2023. J.A. 1. North Star timely appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II

We follow regional circuit law when reviewing a district court's grant of summary judgment. *Adasa Inc. v. Avery Dennison Corp.*, 55 F.4th 900, 907 (Fed. Cir. 2022). The Sixth Circuit reviews a grant of summary judgment *de novo. Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Kalich v. AT & T Mobility, LLC*, 679 F.3d 464, 469 (6th Cir. 2012).

## III

A design patent is infringed "[i]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance [can] deceive such an observer, inducing him to purchase one supposing it to be the other." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) (en banc) (quoting *Gorham Co. v. White*, 81 U.S. 511, 528 (1871)). Where the claimed and accused designs are "plainly dissimilar," the patent owner does not meet its burden of proving infringement. *Egyptian Goddess*, 543 F.3d at 678. "Differences . . . must be evaluated in the context of the claimed design as a whole, and not in the context of separate elements in isolation." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015).

As the district court correctly identified, the D'966 patent's ornamental features are characterized by straight edges and "geometric shapes"—producing an overall "angular . . . appearance"—while the Corinthian 16 is characterized by "rounded shapes" and a "curved" design. J.A. 15. For example, the entry step in the D'966 patent is a pool-width rectangle, while the Corinthian 16 has two separate curved entry steps shaped like quarters of a circle. J.A. 15–16. Because no ordinary observer, defined by the district court as a "homeowner considering purchasing a swimming pool for their home," J.A. 18, would accidentally purchase one pool thinking it was the other, the designs are plainly dissimilar.

Although the designs share structural similarities, design patents only protect the original, "nonfunctional aspects of an ornamental design as shown in the patent." *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995) (citing *KeyStone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1450 (Fed. Cir. 1993)). North Star cannot monopolize common ornamental pool features or functional pool features by registering a combination of those features as a design patent. *See Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1188 (Fed. Cir. 1988) (explaining that "[d]esign patents do not and cannot include claims to the structural or functional aspects of the article" and are limited to the "ornamental design" of the article); *Egyptian Goddess*, 543 F.3d at 674 ("[A] patented design that consists 'only of bringing together old elements with slight modifications of form' is not infringed by 'another who uses the same elements with his own variations of form . . . if his design is distinguishable by the ordinary observer from the patented design.'") (quoting *Zidell v. Dexter*, 262 F. 145 (9th Cir. 1920)). Both designs relate to rectangular swimming pools with steps, benches, and tanning ledges, but North Star's patent only protects the ornamental aspect—here, the angular shape—of those ubiquitous features.

We have considered North Star's remaining arguments regarding the district court's allegedly erroneous decisions to disregard or exclude certain evidence and find them unpersuasive. The district court did not abuse its discretion in declining to consider documents which were not relevant or authenticated, or by striking lay testimony which lacked foundation and amounted to expert testimony from a witness who was not qualified as an expert. We thus affirm the district court's grant of summary judgment on the issue of non-infringement.

**AFFIRMED**