**No. 2023-2138**

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

---

NORTH STAR TECHNOLOGY INTERNATIONAL LTD.,
NORTH STAR TECHNOLOGY LTD.,

*Plaintiffs-Appellants,*

v.

LATHAM POOL PRODUCTS, INC.,

*Defendant-Appellee.*

---

*On Appeal from the United States District Court for the Eastern District of Tennessee, Case No. 3:19-cv-120-KAC-DCP*

---

# BRIEF OF OAKE LAW OFFICE, PLLC AS AMICUS CURIAE IN SUPPORT OF PLAINTIFFS-APPELLANTS' COMBINED PETITION FOR REHEARING AND REHEARING EN BANC

---

Robert G. Oake, Jr.
Oake Law Office, PLLC
700 S. Central Expressway, Suite 400
Allen, Texas 75013
Telephone: 214.207.9066
Facsimile: 469.519.5454
rgo@oake.com

Amicus Curiae

July 10, 2025

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2023-2138

**Short Case Caption** North Star Technology International Ltd. v. Latham Pool Products, Inc.

**Filing Party/Entity** Oake Law Office PLLC

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 07/10/2025

Signature: /s/ Robert G. Oake, Jr.

Name: Robert G. Oake, Jr.

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Oake Law Office PLLC | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Robert G. Oake, Jr. | | |
| Oake Law Office PLLC | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below) ☐ No ☑ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS


Page

CERTIFICATE OF INTEREST

TABLE OF CONTENTS .................................................. i

TABLE OF AUTHORITIES................................................ ii

INTEREST OF AMICUS CURIAE....................................... 1

SUMMARY OF ARGUMENT............................................ 1

ARGUMENT............................................................. 3

1. The Three-Way Test.......................................... 4

2. Evidence of Actual Confusion.............................. 5

3. Additional Factors Related to Comparison with the Prior Art.................................................. 5

A. Common Conspicuous Feature...................... 6

B. Common Combination.............................. 6

4. The Rationale Supporting Summary Judgment in this Case is Incorrect..................................... 7

A. The Court's Focus on Individual Features Conflicts with the Requirement to Compare Overall Appearance.................................. 7

B. The Court's Prior Art Analysis is Incomplete and Misapplied......................................... 10

C. This Court Misapplies the Functionality Doctrine 10

CONCLUSION.......................................................... 12

# TABLE OF AUTHORITIES


| Cases | Page |
|---|---|
| *Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314 (Fed. Cir. 2012) | 10 |
| *Applied Arts Corp. v. Grand Rapids Metalcraft Corp.*, 67 F.2d 428 (6th Cir. 1933) | 5, 11 |
| *Bevin Brothers Mfg. Co. v. Starr Brothers Bell Co.*, 114 F. 362 (C.C.D. Conn. 1902) | 5 |
| *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (en banc) | 1, 2, 3, 4, 5, 6, 9, 10 |
| *Gorham v. White,* 81 U.S. 511 (1871) | 3, 7 |
| *High Point Design LLC v. Buyer's Direct, Inc.*, 621 F. App'x 632 (Fed. Cir. 2015) | 9 |
| *Lee vs. Dayton-Hudson Corp.*, 838 F.2d 1186 (Fed. Cir. 1988) | 11 |
| *North Star Tech. Int'l Ltd. v. Latham Pool Prods.*, 2025 U.S. App. LEXIS 9755 (Fed. Cir. 2025) | 7 |
| *North Star Tech. Int'l Ltd. v. Latham Pool Prods.*, 676 F. Supp. 3d 579 (E.D. Tenn. 2023) | 7 |
| *OddzOn Prods. v. Just Toys*, 122 F.3d 1396 (Fed. Cir. 1997) | 5 |
| *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288 (Fed. Cir. 2010) | 11 |
| Rule | |
| F.R.A.P 29(a)(4)(E) | 1 |

## INTEREST OF THE AMICUS CURIAE

Oake Law Office, PLLC is a law firm devoted to the practice of intellectual property law, with particular emphasis on design patent prosecution and litigation. The firm is owned by Robert G. Oake, Jr., an attorney admitted to practice before this Court, and who served as lead counsel for Egyptian Goddess, Inc. in *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (en banc). He has a longstanding interest in the development of design patent law.

Pursuant to F.R.A.P 29(a)(4)(E), amicus states that no party's counsel authored this brief in whole or in part, and no party or party's counsel made a monetary contribution intended to fund the preparation or submission of this brief. No person other than amicus made such a monetary contribution. This brief is submitted pursuant to a motion for leave to file.

## SUMMARY OF ARGUMENT

In *Egyptian Goddess*, this Court replaced the point of novelty test with a unified ordinary observer standard that requires comparison of the claimed and accused designs in light of the prior art. To preserve the availability of summary judgment in appropriate cases, the Court introduced a "sufficiently distinct" standard. However, this standard is problematic because it lacks objective structure and can be misapplied without proper consideration of the prior art, which is contrary to the ordinary observer test.

To remedy this, a more objective, multi-factor framework is needed. One key factor is the "three-way test," which examines whether the accused design is closer in appearance to the patented design than to the prior art. Courts have used variations of this test to guide infringement analysis. Another factor is evidence of actual confusion, which, when tied to ornamental similarity, is probative of infringement and should weigh against summary judgment.

Additional factors derived from *Egyptian Goddess* also should be considered. These include whether the accused design shares conspicuous features that depart from the prior art, and whether the patented and accused designs share a combination of features not found in prior art. These factors help identify substantial sameness and ground the infringement analysis in objective visual cues rather than subjective impressions.

The grant of summary judgment in this case was improper for several reasons. In addition to lack of a proper standard, this Court and the district court failed to assess the designs as a whole, misapplied or failed to apply the prior art, and misapplied the functionality doctrine. A proper infringement analysis on motion for summary judgment should require application of the standards proposed by Appellants and Amicus, and an overall visual comparison by an ordinary observer, informed by prior art and guided by principled criteria.

## ARGUMENT

In *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (en banc), this Court eliminated the point of novelty test and replaced it with an infringement analysis that requires the claimed and accused designs to be compared in light of the prior art. The point of novelty requirement historically served as an objective threshold for evaluating infringement claims by requiring that the accused design appropriate the novel features that distinguished the claimed design from the prior art. With the threshold gone, this Court created another, stating "in some instances, the claimed design and the accused design will be sufficiently distinct that it will be clear without more that the patentee has not met its burden of proving the two designs would appear 'substantially the same' to the ordinary observer, as required by *Gorham*." *Id.* at 678.

Unfortunately, the "sufficiently distinct" standard has two flaws. First, it has no clear contours or objective principles to guide its application. Second, its "without more" language suggests it can be applied without considering prior art, which conflicts with the principle that the ordinary observer test is the sole test for infringement. *Id.*[1] A hypothetical ordinary observer, by definition, is aware of all relevant prior art. Therefore, even in seemingly straightforward cases, a proper

[1] The "without more" language arguably constitutes *dictum* because it was not necessary to the holding. This Court resolved the case only after conducting a comparative analysis in light of the relevant prior art.

application of the *Egyptian Goddess* infringement test requires that courts *always* assess the designs from the standpoint of an ordinary observer whose perspective is informed by prior art. These two weaknesses have resulted in courts making decisions based on subjective impressions rather than a disciplined application of legal principles, which has led to unpredictable and inconsistent outcomes.

Amicus agrees with Appellants that a more objective multi-factored framework is needed to clarify and implement the sufficiently distinct standard and that two useful factors are the three-way test and a consideration of actual evidence of confusion. Amicus suggests other factors are available as well.

1. The Three-Way Test

Courts have described the three-way test with slightly different approaches. One approach is to compare the accused design to both the patented design and the prior art. If the accused design is closer in overall appearance to the patented design than it is to the prior art, then summary judgment of non-infringement is less appropriate. This formulation of the three-way test was suggested in *Egyptian Goddess* with the statement "[n]othing about Ms. Eaton's declaration explains why an ordinary observer would regard the accused design as being closer to the claimed design than to the Nailco prior art patent." 543 F.3d at 682.

A second approach compares the patented design to both the accused design and the prior art. If the patented design is more similar to the accused design than it

is to the prior art, summary judgment likewise should be denied. This version of the test appears in *Bevin Brothers Mfg. Co. v. Starr Brothers Bell Co.*, 114 F. 362, 363 (C.C.D. Conn. 1902), and *Applied Arts Corp. v. Grand Rapids Metalcraft Corp.*, 67 F.2d 428, 430 (6th Cir. 1933), both cited with approval in *Egyptian Goddess* at 674-675. In each, the court found that the patented design bore greater similarity to the prior art than to the accused design, therefore supporting a finding of no infringement. As explained in Appellants' Petition pages 24-25, since the accused design is closer in overall appearance to the claimed design than to the prior art, this suggests summary judgment of non-infringement was inappropriate.

2. Evidence of Actual Confusion

Evidence of actual confusion can be a relevant factor when determining whether infringement exists. *See OddzOn Prods. v. Just Toys*, 122 F.3d 1396, 1406-07 (Fed. Cir. 1997) (exclusion of "actual confusion" evidence on relevance grounds was an abuse of discretion because it was clear that the evidence was relevant). Appellant presented evidence of actual confusion, which suggests summary judgment was not appropriate.

3. Additional Factors Related to Comparison with the Prior Art

In addition to Appellant's two factors, Amicus suggests other factors exist. In many cases where a claimed and accused design appear substantially the same, one or both of two things typically are occurring. First, the claimed and accused designs

share a feature that departs conspicuously from the prior art. Second, the claimed and accused designs have the same combination of features that creates or substantially contributes to the overall appearance of the design, and this combination of features is not found in prior art designs.

A. Common Conspicuous Feature

*Egyptian Goddess* suggests the common conspicuous feature factor through the statement "if the accused design has copied a particular feature of the claimed design that departs conspicuously from the prior art, the accused design is naturally more likely to be regarded as deceptively similar to the claimed design, and thus infringing." *Egyptian Goddess* at 677.

B. Common Combination

The second common combination factor is suggested by the *Egyptian Goddess* statement "[i]f the claimed design consists of a combination of old features that creates an appearance deceptively similar to the accused design, even to an observer familiar with similar prior art designs, a finding of infringement would be justified." *Id.* at 677-678.

The "common conspicuous feature" and "common combination" factors are not a return to the point of novelty test. Rather, the factors are useful because they indicate why the appearance of an accused design may satisfy the requirements of the ordinary observer test, and they help prevent cases from being decided on

summary judgment based on subjective impressions. In this case, as described below, the claimed and accused design share a common combination of prominent design elements not existing in the prior art, suggesting summary judgment is inappropriate. These factors are not intended to be exclusive.

4. The Rationale Supporting Summary Judgment in this Case is Incorrect

In addition to being based on a flawed standard, the summary judgment analysis in this case is incorrect for at least three additional reasons: (1) it fails to evaluate the designs as a whole; (2) it misapplies the role of prior art; and (3) it misapplies the functionality doctrine.

A. The Court's Focus on Individual Features Conflicts with the Requirement to Compare Overall Appearances

Designs must be compared as a whole. *See Gorham v. White,* 81 U.S. 511, 530 (1871) ("the question remains, is the effect of the whole design substantially the same?"). While individual features help shape overall appearance, courts must not reduce the comparison to a checklist of separate elements.

Both this Court and the district court focus on the specific features of the entry steps to the tanning ledge, the steps to the main body of the pool, the benches in the deep end, and the safety ledge, and conclude that differences in these features create a plainly dissimilar overall impression. *See North Star Tech. Int'l Ltd. v. Latham Pool Prods.*, 2025 U.S. App. LEXIS 9755, *4-5 (Fed. Cir. 2025); *North Star Tech. Int'l Ltd. v. Latham Pool Prods.*, 676 F. Supp. 3d 579, 591-593 (E.D. Tenn. 2023).

Although this Court characterizes the accused design as having "rounded shapes" and a "curved" design, *see* 2025 U.S. App. LEXIS 9755 at *4, that description is open to question, as many of the accused design's most prominent features are angular rather than rounded.

This Court's approach improperly overlooks the most visually dominant aspects of the designs. Both pools share a similar overall rectangular shape, a rectangular tanning ledge occupying approximately one-fourth of the pool's length, full-width stairs transitioning from the ledge to the pool's main body, bottom walls having the same gradual slope, longitudinal symmetry (similar appearance when viewed from the side), and similar spatial arrangement of features, the unique overall combination of which was not found in the prior art.

Given the compelling evidence of overall substantial sameness, Judge Hughes understandably observed during oral argument that "if I'm a homeowner looking at these two designs, they look pretty similar to me," (Oral Argument at 15:45–55 [approximate], *North Star*, No. 2023-2138 (Fed. Cir. Apr. 2, 2024)[2] (hereafter OA), "look fairly similar with very minor differences between the two [inaudible]," (OA 15:56-16:00), and following a hypothetical jury verdict of infringement on JMOL

[2] Oral Argument available at https://oralarguments.cafc.uscourts.gov/default.aspx?fl=23-2138_04082025.mp3

"just the two pictures would be substantial evidence to support infringement." (OA 16:15-20).

Towards the end of oral argument, Judge Hughes remarked, "my instant reaction when I looked at that is, of course these are the same." (OA 29:05-15). He then stated "you don't just completely look at the overall impact," "[y]ou look at the specific design elements." (OA 29:22-30). If Judge Hughes intended to suggest an element-by-element comparison, then such an approach is inconsistent with design patent law. However, if Judge Hughes meant that specific design elements are compared in light of how they impact the comparison between *overall* designs and the prior art, then Amicus agrees and has proposed such an approach. Note the Amicus approach is consistent with published jury instructions. *See* Instruction 46, p. 63 at:

https://cand.uscourts.gov/filelibrary/1060/Doc%201893%20Final%20Jury%20Instructions.pdf.

Finally, the shared design elements listed above are not abstract design concepts but concrete ornamental elements that contribute substantially to the designs' overall impressions. The failure to adequately consider them is at odds with the instruction in *Egyptian Goddess* to evaluate the "design in its entirety." The district court's characterization of these similarities as too "high-level," 676 F. Supp. 3d at 591, relying on *High Point Design LLC v. Buyer's Direct, Inc.*, 621 F. App'x

632, 642 (Fed. Cir. 2015) and *Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1332 (Fed. Cir. 2012), reflects a misinterpretation of those decisions. In *High Point* and *Apple*, the courts rejected abstract concepts like "a slipper with a fuzzy lining" and "a tablet with a flat front" because they failed to capture ornamental details. By contrast, the rectangular layout and feature configuration of North Star's pool are not generalized concepts but specific visual elements integral to the design.

B. The Court's Prior Art Analysis is Incomplete and Misapplied

The district court also misapplies the prior art. It cites *Egyptian Goddess* for the proposition that where "the claimed design is close to the prior art designs, small differences between the accused design and the claimed design are likely to be important." 676 F. Supp. 3d at 593. However, the court does not first determine, based on overall appearance, whether the claimed design is close to the prior art. Instead, it focuses on individual features from various prior art references without considering whether the prior art presents an overall design visually similar to the claimed design. This approach is flawed because it never considers overall prior art designs in the comparative analysis as required by *Egyptian Goddess,* and only mentions that some of the *individual* features are ubiquitous. 2025 U.S. App. LEXIS 9755 at *5.

C. This Court Misapplies the Functionality Doctrine

This Court states "North Star cannot monopolize common ornamental pool features or functional pool features by registering a combination of those features as a design patent" and "[b]oth designs relate to rectangular swimming pools with steps, benches, and tanning ledges, but North Star's patent only protects the ornamental aspect - here, the angular shape - of those ubiquitous features." 2025 U.S. App. LEXIS 9755 at *4-5. Both statements are inconsistent with design patent law. North Star obtained a patent on a novel and nonobvious *combination* of common ornamental pool features that also permissibly serve functions. North Star's patent protects the overall ornamental appearance of this combination, and not just the angular shape of the "ubiquitous" features.

This court's functionality analysis does not adequately consider the principle from *Lee vs. Dayton-Hudson Corp.*, 838 F.2d 1186, 1188 (Fed. Cir. 1988) (quoting and citing *Applied Arts*, 67 F.2d 428 at 430) that functionality in this context means that if a *general configuration* is necessary to perform the function of the article, then similarities in the general configurations alone cannot be the basis for a finding of infringement. For example, the general configuration of the handle and balls in *Lee*, or the general configuration of the multi-function carpentry tool in *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293-1296 (Fed. Cir. 2010).

Functions of the claimed design include holding water, a shallow ledge for tanning, steps to get in and out, steps to get from the tanning ledge to the main body,

benches for sitting, and a safety ledge. There is no general design configuration for a pool that is needed to perform these functions. Indeed, the overall pool and tanning ledge can be an almost infinite number of different shapes, and the steps, seats, and safety ledge can be different sizes and shapes and in different locations and still serve the same functions. Therefore, the functionality doctrine does not apply to the summary judgment infringement analysis.

CONCLUSION

Based on the above arguments and authorities, Appellants' Petition should be granted.

Respectfully submitted,

/s/ Robert G. Oake, Jr.
Robert G. Oake, Jr.
Oake Law Office, PLLC
700 S. Central Expressway, Suite 400
Allen, Texas 75013
Telephone: 214.207.9066
Facsimile: 469.519.5454
rgo@oake.com

Attorney for Amicus Curiae
Oake Law Office, PLLC

July 10, 2025

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

**Case Number** 2023-2138

**Short Case Caption** North Star Technology International Ltd. v. Latham Pool Products, Inc.

**NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system. See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e). Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on 07/10/2025

by ☐ U.S. Mail ☐ Hand Delivery ☐ Email ☐ Facsimile
☑ Other: CM/ECF

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| All counsel of record | Court's CM/ECF System |
| | |
| | |
| | |
| | |

☐ Additional pages attached.

Date: 07/10/2025

Signature: /s/ Robert G. Oake, Jr.

Name: Robert G. Oake, Jr.

Save for Filing

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2023-2138

**Short Case Caption:** North Star Technology International Ltd. v. Latham Pool Products, Inc.

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

- ☑ the filing has been prepared using a proportionally-spaced typeface and includes 2,600 words.

- ☐ the filing has been prepared using a monospaced typeface and includes ________ lines of text.

- ☐ the filing contains ________ pages / ________ words / ________ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. ________).

Date: 07/10/2025

Signature: /s/ Robert G. Oake, Jr.

Name: Robert G. Oake, Jr.

Save for Filing